UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

Rogers v. Snyder, *et al.*,
Case No. 18-10713

_____/

**OPINION AND ORDER DENYING AS MOOT VNA'S MOTION TO DISMISS [87], DENYING WITHOUT PREJUDICE CITY OF FLINT AND STATE OF MICHIGAN'S MOTIONS TO DISMISS [89, 90], AND GRANTING IN PART AND DENYING IN PART LAN AND LAD'S MOTIONS TO DISMISS [83, 84]**

This is one of the many cases that are collectively referred to as the Flint Water Cases. Plaintiffs allege that Defendants, a combination of private and public individuals and entities, set in motion a chain of events that led to bacteria and lead leaching into the City of Flint's drinking water. Plaintiffs in the various Flint Water Cases claim that Defendants subsequently concealed, ignored, or downplayed the risks that arose from their conduct, causing them serious harm. These

plaintiffs contend that the impact of what has since been called the Flint Water Crisis is still with them and continues to cause them problems.

The Plaintiff in this case is Gradine Rogers. Defendants are: (1) Veolia North America, Inc., Veolia North America, LLC, and Veolia Water North America Operatizing Services, LLC (together, "VNA"); (2) Lockwood, Andrews & Newnam, Inc. and Lockwood, Andrews & Newnam, P.C.'s (together, "LAN"); (3) Leo A. Daly Company ("LAD"); (4) the City of Flint, Darnell Earley, Gerald Ambrose, Howard Croft, Michael Glasgow, and Daugherty Johnson (collectively "City Defendants"); and (4) former Governor Richard D. Snyder,[1] Stephen Busch, Michael Prysby, Liane Shekter Smith, and Adam Rosenthal (collectively, the "State of Michigan Defendants"). (ECF No. 100.) In previous Flint Water decisions, the Court has set forth descriptions of each of these Defendants and adopts those descriptions as if fully set forth here. *See, In re Flint Water Cases*, 384 F. Supp. 3d 802, 824–825 (E.D. Mich. 2019).

---

[1] Plaintiff does not specify whether she sues former Governor Snyder in his official or individual capacity. To the extent that Plaintiff's claims are against Governor Snyder in his official capacity, the claims are now against Governor Gretchen Whitmer. *See* Fed. R. Civ. P. 25(d). But for consistency, the Court will refer to Governor Snyder.

In August 2020, the putative class Plaintiffs and individual Plaintiffs in the Flint Water Cases reached a proposed settlement with State of Michigan Defendants for $600 million. In October 2020, the same Plaintiffs and the City Defendants agreed to a $20,000,000 proposed settlement.[2]

Because of the progress toward a partial settlement, the Court granted a stay of proceedings in the Flint Water Cases involving the settling Defendants (*Carthan v. Snyder*, No. 16-10444, ECF Nos. 1323; 1324; 1353). The Court preliminarily approved the partial settlement on January 21, 2021. (*Id.* at ECF No. 1399.) The proposed settlement is still subject to final approval by the Court.

Plaintiffs and other qualifying individuals in the Flint Water Cases have until March 29, 2021, to decide whether to participate in the settlement. If Rogers decides to participate and if the Court grants final approval of the settlement, then, in consideration for a monetary award, Plaintiff's claims against the City and State of Michigan Defendants will be dismissed.

---

[2] Other Defendants in the settlement, which include Rowe Professional Services Company and McLaren Health Care Corporation, Regional Medical Center, and McLaren Flint Hospital, are not Defendants in this case.

Accordingly, and pursuant to the stay, the Court denies without prejudice the City and State of Michigan Defendants' pending motions to dismiss.[3] (ECF No. 89, 90.) If Rogers opts out of the settlement and proceeds with her litigation against the City and State of Michigan Defendants, they may re-file their motions to dismiss pursuant to the schedule and requirements set forth in the Master Settlement Agreement for those Plaintiffs who wish to proceed with litigation.

VNA also has a pending motion to dismiss. (ECF No. 87.) However, VNA and Plaintiff stipulated to dismissal without prejudice of all VNA-related claims. (ECF No. 714.) Accordingly, VNA's motion to dismiss (ECF No. 87) is denied as moot.

The only remaining motions to dismiss for determination, therefore, are LAN's (ECF No. 83) and LAD's motions (ECF No. 84). For the reasons set forth below, LAN and LAD's motions are granted in part and denied in part.

## I. Prior Precedent in the Flint Water Cases

---

[3] Defendants former Governor Snyder and Adam Rosenthal filed separate joinders and concurrences in the State of Michigan Defendants' motions to dismiss. (ECF Nos. 92, 96.)

This Court has previously adjudicated other motions to dismiss in the Flint Water Cases and will rely upon them as appropriate in this case. *See Guertin v. Michigan*, No. 16-12412, 2017 WL 2418007 (E.D. Mich. June 5, 2017); *Carthan v. Snyder*, 329 F. Supp. 3d 369 (E.D. Mich. 2018); *Carthan v. Snyder*, 384 F. Supp. 3d 802 (E.D. Mich. 2019); and *Walters v. City of Flint*, No. 17-10164, 2019 WL 3530874 (E.D. Mich. Aug. 2, 2019); *Marble v. Snyder*, 453 F. Supp. 3d 970 (E.D. Mich. 2020), *Brown v. Snyder*, No. 18-10726, 2020 WL 1503256 (E.D. Mich. Mar. 27, 2020) and *Bacon v. Snyder*, No. 18-10348, 2020 WL 6218787 (E.D. Mich. Oct. 22, 2020).

The Flint Water Cases have also produced several Sixth Circuit opinions. These are binding on this Court and include *Carthan v. Earley*, 960 F.3d 303 (6th Cir. 2020); *Walters v. Flint*, No. 17-10164, 2019 WL 3530874 (6th Cir. August 2, 2019); *Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019); *Boler v. Earley*, 865 F.3d 391 (6th Cir. 2017); and *Mays v. City of Flint*, 871 F.3d 437 (6th Cir. 2017).

## II. Procedural History and Background

### A. The Master Complaint

As the number of Flint Water Cases increased over the years, the Court entered case management orders to manage the litigation. For example, on January 23, 2018, it appointed and then directed Co-Liaison Counsel for the individual Plaintiffs to file a Master Complaint that would apply to all pending and future non-class action cases. (*Carthan*, No. 16-10444, ECF No. 347.) The Master Complaint was filed in *Walters*. (*Walters*, No. 17-10164, ECF No. 185-2.)

The attorneys in each of the individual cases were then ordered to file a Short Form Complaint to accompany the Master Complaint, adopting only the pertinent allegations from the Master Complaint as they saw fit. The Short Form Complaints also allowed for an Addendum if any Plaintiff wished to allege a new cause of action or include additional Defendants. This would allow the Court to issue opinions consistent with *Walters* that would apply to multiple individuals, rather than to address each case in turn and cause a delay in the administration of justice. As LAN acknowledges in its motion, "the Court established a similar procedure as to motion practice in the Legionella cases," following the precedent of *Marble* and *Brown* as primary *legionella* cases. (ECF No. 83, PageID.292.)

6

### B. Background of Plaintiff's Case Filings

Plaintiff brought her original complaint on March 2, 2018. (ECF No. 1.) She has amended her complaint twice. (ECF Nos. 5, 100.) Rogers' claims and the Defendants she sued have evolved from the original complaint. But because this Opinion and Order adjudicates only LAN and LAD's motions, the procedural history set forth here will be limited to these two Defendants.

Plaintiff's Short Form Complaint fully adopts the relevant facts alleged in the Master Complaint from *Walters*. (ECF No. 100, PageID.609 (citing *Walters*, No. 17-10164, ECF No. 185-2).) The Master Complaint's facts, setting forth the background of the Flint Water Crisis, were summarized in this Court's opinion in *Walters* and will not be reproduced here. *Walters v. City of Flint*, No. 17-cv-10164, 2019 WL 3530874, at *4–*11 (E.D. Mich. Aug. 2, 2019). However, as set forth above, unlike *Walters*, Plaintiff in this case does not allege injuries from lead poisoning. Rather, Rogers alleges injuries from exposure to *legionella*. Plaintiff also included a fact-specific portion in her operative Short Form Complaint, describing her *legionella* exposure. There, she states:

> While residing in the City of Flint, Plaintiff was diagnosed with Legionnaires' Disease (LD) / Legionellosis on May 31,

7

2015. Plaintiff contracted her LD while exposed to Legionella tainted water in the water supply within the City of Flint, while residing at her home and visiting other locations in the Flint community sometime between late March 2015 and May 29, 2015 (including Hurley Hospital on April 14, 2015, and McLaren Flint on May 29, 2015), all of which were on the Flint Water supply. Contracting Legionella caused Plaintiff to suffer: exacerbated renal disease requiring dialysis treatments, pulmonary ailments and symptoms including chronic SOB, diabetes, impairment of cardiac function including exacerbation hypertension, arthritis, other associated / exacerbated symptoms, and depression & anxiety relating to said conditions; Medical Expenses relating to said conditions; Pain & Suffering; expenses for household services; decreased life expectancy.

(ECF No. 100, PageID.612.) Rogers then provided more details in support of her claims in a supplemental statement, which she attached as Exhibit A to her complaint. There, she states that she was seventy-four years old and medically vulnerable to illness at the time of the events described in her complaint. (*Id.* at PageID.617.) She alleges that she was regularly exposed to the Flint Water supply throughout 2015, and that she was exposed to *legionella* and contracted *Legionnaires'* Disease sometime "between the end of March of 2015 and May 29, 2015."[4] (*Id.*)

---

[4] The supplemental statement also sets forth additional facts regarding Defendant Gerald Ambrose, who is one of the City Defendants defined above. (*Id.* at PageID.617.) However, as set forth above, the City Defendants' motion to dismiss is

8

Plaintiff brings claims against LAN and LAD for professional negligence and punitive damages.[5] (*See* ECF No. 100, PageID.613–614.)

### C. Legal Standard

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when

---

denied without prejudice pending final approval of the settlement in the Flint Water cases. Accordingly, the allegations against Ambrose need not be described in detail here.

[5] LAN and LAD filed their motions to dismiss before Plaintiff had filed her operative complaint. The reason for this unusual timeline involves the timing of the Court's orders requiring Plaintiff to adopt the Master Complaint from *Walters*, and to file a Short Form Complaint with her individual allegations, as described above. After Plaintiff filed the operative complaint, the Court permitted LAN and LAD to rely on their previously-filed motions, rather than file new motions to dismiss. (ECF No. 99.) The Court also permitted LAN and LAD the option to supplement their previously-filed motions to address any new information contained in the operative complaint (*id.*), however, LAN and LAD did not find it necessary to do so.

9

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### III. Analysis

#### A. Professional Negligence and Punitive Damages

As set forth above, Plaintiff alleges professional negligence and punitive damages against Defendants LAN and LAD. (ECF No. 100, PageID.613–614.) Her Short Form Complaint contains no factual allegations against LAN or LAD. (*Id.*) Accordingly, all of the facts that Plaintiff relies on as the basis for her claims against LAD and LAD derive from the Master Complaint in *Walters*. (ECF No. 100, PageID.609 (citing *Walters*, No. 17-10164, ECF No. 185-2).) In *Marble* and *Brown*, the Court analyzed the Master Complaint's allegations as they related to those plaintiffs' *legionella*-based claims. *See, Marble*, 453 F. Supp. 3d at 981–983, 1003–1004; *Brown*, 2020 WL 1503256, at *4, 5–6. And here, as in *Marble* and *Brown*, the fact that Plaintiff alleges *legionella* exposure

10

rather than lead exposure does not change the core analysis of Plaintiff's claims. *Id.*

As to professional negligence, neither LAN nor LAD's motions to dismiss present any arguments that differ from the arguments they presented in *Walters*, *Marble*, or *Brown*. *See*, *Walters*, No. 17-10164, ECF Nos. 144, 145 (LAD and LAN's motions to dismiss); *see also*, *Marble*, 453 F. Supp. 3d at 1003–1004; *Brown*, 2020 WL 1503256, at *5. In *Walters*, the Court denied LAN and LAD's motions to dismiss the Plaintiffs' professional negligence claims. *Walters*, 2019 WL 3530874, at *40. LAN and LAD do not present any reasons to deviate from that Opinion and Order. Accordingly, for reasons set forth in *Walters*, LAN and LAD's motions to dismiss are denied. Plaintiff's claims for professional negligence against LAN and LAD may continue.

As to punitive damages, in *Marble* and *Brown*, the Plaintiffs brought identical claims for punitive damages against LAN and LAD. *See*, *Marble*, 453 F. Supp. 3d at 1010; *see also*, *Brown*, 2020 WL 1503256, at *16. In those cases, the Court dismissed the claims for punitive damages because the Plaintiffs in those cases acknowledged that punitive damages are not available for negligence claims. *Id.* The result

11

here is no different. Plaintiff's punitive damages claims against LAN and LAD are dismissed.

LAD also moves for an order dismissing Plaintiff's claims for lack of personal jurisdiction, lack of subject matter jurisdiction, and for failure to state a cause of action. (ECF No. 84, PageID.298.) LAD acknowledges that the Court was presented with the same motion and arguments in *Carthan*, which the Court denied. *Carthan*, 384 F. Supp. 3d at 873; *see also*, *In re Flint Water Cases*, No. 16-10444, 2018 WL 1638758 (E.D. Mich. Apr. 5, 2018). LAD also moved to preserve similar arguments in *Walters* and in *Brown*. Because these arguments were made for preservation purposes, the Court did not address them in those cases, and the same result applies here. *See*, *Walters*, 2019 WL 3530874, at *40; *Brown*, 2020 WL 15036256, at *5, fn. 10.

## V. Conclusion

For the reasons set forth above, VNA's motion to dismiss is denied as moot, the City and State of Michigan's motions to dismiss are denied without prejudice to refiling if Plaintiff opts out of the settlement or it does not receive final approval and LAN and LAD's motions to dismiss are granted in part and denied in part.

## VI. Order

IT IS ORDERED THAT,

Plaintiff's claim for professional negligence against LAN and LAD may continue. Plaintiff's claim for punitive damages is denied.

IT IS SO ORDERED.

Dated: March 19, 2021        s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 19, 2021.

       s/William Barkholz
       WILLIAM BARKHOLZ
       Case Manager